*299 · 4. Supp. 543*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 2 1 1969

PATRICIA C. WILT
CLERK

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ANTITRUST    )
ACTIONS INVOLVING THE DISTRIBUTION OF  )    DOCKET NO. 19
SCOTCH WHISKEY                         )

OPINION AND ORDER

---

BEFORE ALFRED H. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
WILLIAM H. BECKER, JOSEPH S. LORD, III, EDWIN A. ROBSON,
STANLEY A. WEIGEL, AND EDWARD WEINFELD, JUDGES OF THE PANEL

---

JOSEPH S. LORD, III, JUDGE OF THE PANEL

On February 24, 1969 certain defendants in the cases
listed on the attached schedule A filed a motion with the Panel
urging the transfer of the Colorado case to the District of
New Jersey for coordinated or consolidated pretrial proceedings.
A hearing on this motion was held in New York on March 31, 1969.
The Colorado plaintiffs have strongly opposed the transfer of
their case to New Jersey.[1]

The main thrust of both complaints involves a claim
that the two principal defendants, Schenley and Buckingham,
through the former's acquisition of controlling interest of the
latter, have conspired, monopolized and restrained the trade in
distilled spirits (and particularily scotch whiskey) in violation
of sections 1 and 2 of the Sherman Act (15 U.S.C. § 1 and 2).

---

[1]/The New Jersey plaintiffs do not oppose the proposed
transfer.

- 2 -

The complaints further charge that this national conspiracy was implemented by local conspiracies in geographical areas covered by the separate complaints.   All parties agree that there is at least one essential common question of fact between both cases: the effect of the acquisition by Schenley of Buckingham on the national liquor market.[2]/

The legislative history provides a guide for determining under what conditions litigation involving a minimum number of cases is appropriate for consolidation under § 1407.

> If only one question of fact is common to two or three cases pending in different districts there probably will be no order for transfer, since it is doubtful the transfer would enhance the convenience of parties and witnesses or promote judicial efficiency.   It is possible, however, that a few exceptional cases may share unusually complex questions of fact . . . (and that) substantial benefit may accrue to courts and litigants through consolidated or coordinated pretrial proceedings.   (Senate Report 454 to accompany S. 159, pages 4 - 5)

The two cases are not, in our opinion, <u>exceptional cases sharing unusually complex questions of fact</u>.   If this litigation involved the number of cases generally associated with multidistrict civil treble damage antitrust litigation,[3]/the common questions of fact

---

[2]/An amended complaint has recently been filed in the New Jersey action and the moving defendants contend that any differences between the claims in the two actions have now been eliminated, a contention vigorously opposed by the Colorado plaintiffs.   Since we have assumed the existence of substantial common questions of fact we need not determine whether the amended complaint has the effect claimed by the defendants.

[3]/The Panel has ordered transfers under §1407 in the following groups of civil treble damage antitrust cases: Library Edition of Chidren's Books (44 cases), Plumbing Fixtures (59 cases), Protection Devices (82 cases), Antibiotic Drug (97 cases), Gypsum Wallboard (52 cases).

- 3 -

might be sufficient to invoke §1407, but where, as here, there are a minimal number of cases involved in the litigation the moving party bears a strong burden to show that the common questions of fact are so complex and the accompanying common discovery so time-consuming as to overcome the inconvenience to the party whose action is being transferred and its witnesses. These factors do not emerge from the present record.   Nor do these two cases appear to be merely forerunners of many such actions.

In short, we are not convinced that the just and efficient conduct of these two cases will be furthered by the transfer of one of the cases under §1407 to the district in which the other case was originally filed.   We are compelled to add that we see no reason why the duplicative discovery envisioned by the defendants should occur.   Counsel for all parties under the guidance of the courts and using the procedures described in the Manual for Complex and Multidistrict Litigation should be able to conduct pretrial proceedings so that inconvenience to all parties and witnesses can be minimized and duplicate discovery can be avoided.

THE MOTION TO TRANSFER IS DENIED.

_____
Judge of the Panel

SCHEDULE A

## DISTRICT OF COLORADO

1.  Davis Bros., Inc. v. Schenley Industries,   Civil Action
        Inc., et al.                                                   No. C-1137

## DISTRICT OF NEW JERSEY

2.  Reitman Industries, Inc., et al. v.              Civil Action
        Schenley Industries, Inc., et al.             No. 1309-68